**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: NATIONAL HOCKEY LEAGUE**
**PLAYERS' CONCUSSION INJURY LITIGATION**                    MDL No. 2551

**TRANSFER ORDER**

**Before the Panel:**[*] Common defendant the National Hockey League (NHL) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the District of District of Columbia.  This litigation currently consists of three actions pending in three districts as listed on Schedule A.[1]

All parties agree that centralization is warranted, but disagree about the most appropriate transferee district.  Plaintiffs in each action and potential tag-along action support centralization in the district in which their action is pending.  The District of District of Columbia plaintiffs alternatively support centralization in the Southern District of New York, and the plaintiffs in the Southern District of New York action alternatively support centralization in the District of Minnesota or the District of District of Columbia.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations against the NHL stemming from injuries resulting from the long-term effects of concussions while playing professional hockey in the NHL. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the most appropriate location for this litigation is the District of Minnesota, where two actions now are pending.  No action is significantly further advanced than another, and this district provides a geographically central location for parties and witnesses, many of whom may be located in nearby Canada.  Judge Susan Richard Nelson, who is presiding over the

---

[*]   Judge Marjorie O. Rendell and Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]   The Panel has been notified of two related actions, one pending in the District of Minnesota and one pending in the Southern District of New York.  The action pending in the Southern District of New York and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

constituent District of Minnesota action, has the experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Susan Richard Nelson for coordinated or consolidated pretrial proceedings in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Charles R. Breyer           Lewis A. Kaplan
Sarah S. Vance              R. David Proctor

**IN RE: NATIONAL HOCKEY LEAGUE**
**PLAYERS' CONCUSSION INJURY LITIGATION**                    MDL No. 2551

**SCHEDULE A**

District of District of Columbia

LEEMAN, ET AL. v. NATIONAL HOCKEY LEAGUE, ET AL., C.A. No. 1:13-01856

District of Minnesota

CHRISTIAN, ET AL. v. NATIONAL HOCKEY LEAGUE, C.A. No. 0:14-01140

Southern District of New York

LACOUTURE, ET AL. v. NATIONAL HOCKEY LEAGUE, C.A. No. 1:14-02531